UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DIANE S. McGHEE | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:12-CV-333 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| BUFFALO & ASSOCIATES, PLC, | ) |
| CAPITAL ONE BANK (USA), NATIONAL | ) |
| ASSOCIATION | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

Before the Court is Defendant Buffalo & Associates, PLC's ("Defendant") partial motion to dismiss (Court File No. 8). Defendant argues it is not a "creditor" under the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and is therefore not a proper defendant for TILA claims. Defendant similarly argues one of Plaintiff Diane McGhee's ("Plaintiff") claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, is predicated on her TILA claim and should also be dismissed. Plaintiff responded to Defendant's motion in opposition (Court File No. 16). For the following reasons, the Court **GRANTS** Defendant's motion (Court File No. 8).

## **I. FACTUAL BACKGROUND**

The following factual allegations are made in the complaint. Plaintiff incurred credit card debt owned or serviced by Defendant Capital One Bank. After Plaintiff defaulted on this debt, it was "consigned, sold, or otherwise transferred" to Defendant for collection. However, Plaintiff also alleges Defendant is a "debt collector" under 15 U.S.C. § 1692a(6). Defendant sent "misleading and deceptive communications" in connection with this duty. These communications "raised the specter of potential legal action," because Defendant communicated through its law firm, although it stated

it was not acting in a legal capacity. Specifically, on August 15, 2011, Defendant sent a collection letter to Plaintiff in an attempt to collect the debt. The letter contains the name "Law Office of Buffaloe & Associates, PLC," and lists the names of several attorneys. The letter, however specifically stated no attorney had "personally reviewed" the account, but if Plaintiff did not contact their office "our client [Capital One Bank] may consider additional remedies to recover the balance due." The letter alleged a debt of $1,089.59 and stated Plaintiff may also be liable for attorney's fees and interest.

On November 1, 2011, Defendant and Defendant Capital One Bank filed a civil summons and affidavit in state court, which were served on Plaintiff. The summons stated the debt amount was $1,217.41 in principal, and alleged interest accruing as of August 15, 2011 at a rate of 26.15%. Plaintiff filed the instant action on August 13, 2012. Plaintiff alleges Defendant violated TILA by failing to send periodic statements to Plaintiff in violation of 15 U.S.C. § 1637(b). Plaintiff also alleges violations of the FDCPA, 15 U.S.C. § 1692e, failure to include a 15 U.S.C. § 1692e(11) disclosure, failure to send written notice containing the amount of debt in violation of 15 U.S.C. § 1692a(2), and use of unfair means to collect a debt, 15 U.S.C. § 1692f. Plaintiff alleges additional violations of the FDCPA predicated on Defendant's alleged failure to send periodic statements to Plaintiff. Plaintiff alleges Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6) and an agent of a "card issuer" as defined in 15 U.S.C. § 1602(h).

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court

construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Defendant seeks to dismiss Plaintiff's claims against it in paragraphs 42 to 63, which are based on the TILA. Defendant argues it is not a "card issuer" nor an agent of a card issuer under the TILA and is thus not a proper defendant with respect to those claims. Further, Defendant argues

3

the FDCPA claim in paragraph 64, which is predicated on the violations of the TILA, should be dismissed. Plaintiff argues Capital One Bank was a "card issuer" under the TILA, and Defendant acted as its agent. Plaintiff agrees, however, the claim in paragraph 64 should be dismissed.

Congress enacted the TILA in 1968 "to assure a meaningful disclosure of credit terms" in order to "avoid the uninformed use of credit" and to "protect the consumer against inaccurate and unfair credit billing and credit practices." 15 U.S.C. § 1601(a). At issue with respect to the instant motion is 15 U.S.C. § 1637(b), which requires "creditors" to issue periodic statements regarding an outstanding debt balance. Pursuant to 15 U.S.C. § 1602(g), "creditor" includes the "card issuer" in the case of "an open-end credit plan involving a credit card," which Plaintiff alleges is the character of the underlying debt in this case. Of particular importance to the instant motion, "card issuer" is further defined as "any person who issues a credit card, or the *agent* of such person with respect to such card." 15 U.S.C. § 1602(o) (emphasis added). The question for the Court is whether Defendant is an "agent" of Capital One Bank, and accordingly may be considered a "card issuer" for the purposes of the TILA.

Agent is not defined by the TILA or in the regulations. This omission was intentional. The Supplement to the regulations containing the official staff interpretations states the following.

> An agent of a card issuer is considered a card issuer. Because agency relationships are traditionally defined by contract and by state or other applicable law, the regulation does not define agent. Merely providing services relating to the production of credit cards or data processing for others, however, does not make one the agent of the card issuer. In contrast, a financial institution may become the agent of the card issuer if an agreement between the institution and the card issuer provides that the cardholder may use a line of credit with the financial institution to pay obligations incurred by use of the credit card.

12 C.F.R., pt. 226, Supp. I, 2(a)(7). Courts have interpreted this provision to require a "line of credit" between the card issue and the "agent" in order to create an agency relationship for the

4

purposes of the TILA.

For instance, Defendant places significant emphasis on *Neff v. Capital Acquisitions & Mgmt. Co.*, 352 F.3d 1118 (7th Cir. 2003). In *Neff*, two debtors paid their credit card loans off in full, or believed they had, until an entity that had purchased their accounts from a prior purchaser, who in turn had purchased the account from the original card issuer, contacted them five years following their last payment demanding the outstanding debt with interest. The debtors received no correspondence in the intervening five year period, and sued the two debt-purchasing entities under the TILA, the FDCPA, and the Illinois Consumer Fraud Act, alleging the failure to issue monthly statements. Affirming the district court's Rule 12(b)(6) dismissal, the Seventh Circuit held only "creditors" are required to send monthly statements pursuant to § 1637(b). The plaintiff argued, as Plaintiff argues here, the entities were either card issuers or agents of card issuers.

The court rejected these arguments. First, it concluded the entities were not "card issuers" because neither entity granted the plaintiffs a "right to 'incur debt' or to 'defer payment of debt.'" *Id.* at 1120 (quoting 15 U.S.C. § 1602(e); *American Express Co. v. Koerner*, 452 U.S. 233, 240-41 (1981)). Second, and relevant here, the court concluded neither entity was an "agent" of a card issuer. Quoting the staff interpretation noted above, the court stated, "To become an agent, there must be an agreement that 'the cardholder may use a line of credit with the financial institution to pay obligations incurred by use of the credit card.'" *Id.* (quoting 12 C.F.R., pt. 226, Supp. I, 2(a)(7)). Because the plaintiff had no "credit privileges" with the defendant entities, and no contractual relationship existed between the card issuer and the entities, neither could be considered an agent of the card issuer. The court thus concluded the plaintiff failed to state a claim under the TILA.

Plaintiff claims *Neff* is inapplicable to this case because the card issuer in *Neff* had sold the

5

debt to the defendants, whereas here Defendant is the "agent" of the card issuer. Plaintiff refers to its allegation in the complaint to suggest Defendant is an "agent." However, such an allegation is a legal conclusion the Court need not assume for the purposes of this motion. The Court notes the complaint is somewhat internally contradictory. It alleges both (1) Capital One Bank "consigned, sold, or otherwise transferred" the underlying debt to Defendant, and (2) Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6). Section 1692a(6) defines a debt collector as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

As such, Defendant could not simultaneously have received the debt by consignment, sale, or other means of transfer and be a debt collector on behalf of Capital One Bank, if the consignment, sale, or transfer resulted in a transfer of ownership. *See Marcotte v. General Elec. Capital Servs., Inc.*, 709 F. Supp. 2d 994, 998 (noting the TILA *requires* credit card companies to send monthly statements, but the FDCPA *prohibits* debt collectors from sending billing statements to represented debtors.). Regardless, the Court concludes on either theory Defendant is not an "agent" of Capital One Bank.

If Plaintiff alleges Defendant owns the debt now at issue, Defendant fits comfortably within the *Neff* holding, and is neither a card issuer nor in a contractual relationship with Capital One Bank sufficient to confer agency status on it. If, as the Plaintiff appears to argue, Defendant is *not* the owner of the debt, but merely an entity collecting debt on behalf of Capital One Bank, Defendant still fails to qualify as an agent for the purposes of the TILA. The Court reaches this conclusion because the complaint does not allege any of the credit privileges alluded to by the official staff

6

interpretation in 12 C.F.R. pt. 226, Supp. I, ¶ 2(a)(7) and relied upon by *Neff*. At least one other member of this court has concluded, on a similar complaint, "[p]roviding support services, as opposed to credit-issuing services, does not make an entity the agent of a 'card issuer' under TILA." *King v. AllianceOne Receivables Mgmt., Inc.*, No. 2:12-CV-314, 2012 WL 4758220, at *3 (E.D. Tenn. Oct. 5, 2012) (citing 12 C.F.R. pt. 226, Supp. I, ¶ 2(a)(7)). The *King* court concluded "[f]or § 1637(b) to apply to [the defendant] under an agency theory, there must have been an agreement under which plaintiff could use a line of credit with [the defendant] to pay obligations incurred by use of the credit card." *Id.*; *see also Neff*, 352 F.3d at 1120; *Langenfeld v. Chase Bank USA, N.A.*, 537 F. Supp. 2d 1181, 1205 (N.D. Okla. 2008) ("The Official Staff Commentary to the TILA regulations explains that to become an 'agent' of a card issuer, there must be an agreement that 'the cardholder may use a line of credit with the [alleged agent] to pay obligations incurred by use of the credit card.'"). No such line of credit has been alleged here.

The Court concludes Defendant is not an "agent" of a card issuer under the TILA and the claims alleged against it under the TILA must be dismissed. Additionally, because the Court concludes Defendant is not liable under the TILA, the FDCPA allegation in paragraph 64 predicated on Defendant's failure to comply with the TILA must also be dismissed. *See Neff v. Capital Acquisitions & Mgmt. Co.*, 238 F. Supp. 2d 986, 992 (N.D. Ill. 2002), *aff'd*, 352 F.3d 1118 (7th Cir. 2003).

**IV.    CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendant's partial motion to dismiss (Court File No. 8).

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**