UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DIANE S. McGHEE | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:12-CV-333 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| BUFFALO & ASSOCIATES, PLC, | ) |
| CAPITAL ONE BANK (USA), NATIONAL | ) |
| ASSOCIATION | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

Before the Court is Defendant Buffalo & Associates, PLC's ("Defendant") partial motion for judgment on the pleadings (Court File No. 29). Defendant seeks dismissal of some of Plaintiff Diane McGhee's ("Plaintiff") claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Plaintiff did not respond to Defendant's motion. For the following reasons, the Court will **GRANT** Defendant's motion (Court File No. 29).

**I.     FACTUAL BACKGROUND**

The following factual allegations are made in the complaint. Plaintiff incurred credit card debt owned or serviced by Defendant Capital One Bank. After Plaintiff defaulted on this debt, it was "consigned, sold, or otherwise transferred" to Defendant for collection. However, Plaintiff also alleges Defendant is a "debt collector" under 15 U.S.C. § 1692a(6). Defendant sent "misleading and deceptive communications" in connection with this duty. These communications "raised the specter of potential legal action," because Defendant communicated through its law firm, although it stated it was not acting in a legal capacity. Specifically, on August 15, 2011, Defendant sent a collection letter to Plaintiff in an attempt to collect the debt. The letter contains the name "Law Office of

Buffaloe & Associates, PLC," and lists the names of several attorneys. The letter, however specifically stated no attorney had "personally reviewed" the account, but if Plaintiff did not contact their office "our client [Capital One Bank] may consider additional remedies to recover the balance due." The letter alleged a debt of $1,089.59 and stated Plaintiff may also be liable for attorney's fees and interest.

On November 1, 2011, Defendant and Defendant Capitol One Bank filed a civil summons and affidavit in state court, which were served on Plaintiff. The summons stated the debt amount was $1,217.41 in principal, and alleged interest accruing as of August 15, 2011 at a rate of 26.15%. Plaintiff alleges Defendant violated TILA by failing to send periodic statements to Plaintiff in violation of 15 U.S.C. § 1637(b). Plaintiff also alleges violations of the FDCPA, 15 U.S.C. §§ 1692e, failure to include a 15 U.S.C. § 1692e(11) disclosure, failure to send written notice containing the amount of debt in violation of 15 U.S.C. § 1692a(2), and use of unfair means to collect a debt, 15 U.S.C. § 1692f.

Plaintiff filed this case on August 13, 2012 against Defendant and co-defendant Capital One Bank (Court File No. 1). On September 26, 2012, Defendant filed a partial motion to dismiss. In Plaintiff's complaint, she alleged violations of the TILA and a violation of the FDCPA predicated on Defendant's TILA violations. Defendant sought dismissal of these claims because it is not a "creditor" as that term is defined in the TILA. The Court granted Defendant's motion (Court File Nos. 25, 26). Subsequently, Defendant filed the instant motion, to which Plaintiff failed to respond.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is considered using the same standard of review as a Rule 12(b)(6) motion. *Fritz v. Charter Twp. of Comstock*, 592 F.3d

718, 722 (6th Cir. 2010). A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the Plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman*, 484 F.3d at 859. The same deference does not extend to bare assertions of legal conclusions, however, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court next considers whether the factual allegations, if true, would support a claim entitling the Plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When considering a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Id. (citing *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *JP Morgan Chase Bank*, 510 F.3d at 581-82.

**III.   DISCUSSION**

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009) (quoting 15 U.S.C. § 1692(e)). Courts should "begin with the language of the statute itself" when interpreting the FDCPA. *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999). Courts also should use the "'least sophisticated consumer' standard, an objective test, when assessing whether particular conduct violates the FDCPA." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611-12 (6th Cir. 2009) (quoting *Barany-Snyder v. Weiner*, 539 F.3d 327, 332-33 (6th Cir. 2008)). By using the "least sophisticated consumer" standard, courts can ensure "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.*

Section 1692e of the FDCPA generally provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To establish a violation of § 1692e, "(1) plaintiff[] must be a 'consumer' as defined by 15 U.S.C. § 1692; (2) the 'debt' must arise[] out of transactions which are 'primarily for personal, family or household purposes' (*see* 15 U.S.C. § 1692a(5)); (3) defendant must be a 'debt collector' as defined by 15 U.S.C. § 1692a(6); and (4) defendant must have violated § 1692e's prohibitions." *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009). Defendant in this case does not appear to refute the first three prongs of this test, but instead argues it did not violate § 1692e's prohibitions. Accordingly, the Court assumes Plaintiff is a consumer with a qualifying debt and Defendant is a debt collector as defined in the FDCPA.

4

Defendant seeks dismissal of three of Plaintiff's claims. Plaintiff alleges (1) the use of Defendant's letterhead in its July 18, 2011 collection letter implied attorneys were involved in collection of Plaintiff's debt in violation of 15 U.S.C. § 1692e; (2) a statement indicating Defendant's client may consider additional remedies if Plaintiff failed to contact Defendant's office was a misleading statement in violation of 15 U.S.C. § 1692e(10) and constitutes a threat of immediate legal action in violation of 15 U.S.C. § 1692e(5); and (3) Defendant should have included a disclosure on the sworn affidavit used in the September 28, 2011 summons that it was a "communication from a debt collector" in violation of 15 U.S.C. § 1692e(11). Defendant argues these allegations of the complaint should be dismissed for failure to state a claim.

**A. Letterhead**

Plaintiff alleges the use of Defendant's letterhead complete with names of attorneys and contact information falsely represented or implied that the communication was from an attorney, "acting as an attorney," when in fact no attorney had reviewed Plaintiff's file. Section 1692e provides a debt collector may not falsely represent or imply a communication is from an attorney:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

15 U.S.C. § 1692e(3). Defendant argues a letter, although on law firm letterhead, does not violate § 1692e(3) if it contains an unambiguous disclaimer that no attorney has reviewed a plaintiff's file. The letter in this case contained the following disclaimer.

> This office represents CAPITAL ONE BANK (USA),* and has been retained to collect the balance due on this account. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you

5

>fail to contact this office, our client may consider additional remedies to recover the balance due.

(Court File No. 1-1) (capitals and asterisk in original). Defendant argues this disclaimer is sufficient to notify the least sophisticated consumer the communication is not from an attorney.

The use of law firm letterhead in a debt collection communication can, in certain circumstances, violate § 1692e(3). For instance, in *Kistner v. Law Office of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008), the defendant, the Law offices of Michael P. Margelefsky, LLC, operated both a law practice and a debt collection agency. In the defendant's form collection letters, which were printed on letterhead for the "Law offices of Michael P. Margelefsky, LLC," the defendant advised debtors the communication was from a debt collector and the signature block contained "Account Representative" from "The law offices of Michael P. Margelefsky, LLC." *Id.* at 434-35. One such debtor sued the defendant under § 1692e(3), alleging the letter–on law firm letterhead–was deceptive. The district court granted summary judgment in the defendant's favor, relying on *Rumpler v. Cohen Associates, Ltd.*, 219 F. Supp. 2d 251 (E.D.N.Y. 2002), in which the court granted summary judgment to a defendant because the letterhead nowhere indicated the defendant was an attorney, save for the suffix "Esq." Analogizing to *Rumpler*, the district court concluded the signature "Account Representative" dispelled any false impression the communication came from an attorney. *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, No. 3:05 CV 7238, 2007 WL 120150, at *3-4 (N.D. Ohio Jan. 10, 2007), *rev'd*, 518 F.3d 433 (6th Cir. 2008).

The Sixth Circuit reversed. The court found *Rumpler* distinguishable, noting "the least sophisticated consumer looking at the letterhead in *Rumpler* would see no indication that the letter had been sent from a law firm." *Kistner*, 518 F.3d at 439. In *Kistner*, on the other hand, "[t]he letter

6

from the [defendant] . . . gives repeated indications that it came from a law firm. Specifically, the words 'law offices' appear in the letterhead, the signature block, and on the remittance voucher." *Id.* Margelefsky admitted he did not review the file, did not determine which letters should be sent, and did not know the identities of the persons to whom the letters were sent. Accordingly, the letter might violate § 1692e(3), because it could give the least sophisticated consumer the impression the communication came from an attorney, which Margelefsky admitted was false. *Id.* at 440. The court, however, also concluded the district court appropriately denied summary judgment to the plaintiff. The fact the letter explicitly stated it was from a debt collector and was signed by "Account Representative" created "more than one reasonable interpretation" at least one of which was false. *Id.* at 441 (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993)). The case therefore presented a jury question as to whether the letter gave the impression it was from an attorney even though the defendant admitted he played no part in sending the letter. *Id.*

However, where, as here, an unambiguous disclaimer informs the debtor no attorney has reviewed the file, courts have concluded the communications do not violate § 1692e(3). The Second Circuit has concluded "an attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005). All that is required to comply with the FDCPA, is that the "letter includes *disclaimers* that should make clear even to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney." *Id.* (emphasis in original). The defendant in *Greco* included the following disclaimer in the letter giving rise to the lawsuit.

7

> The firm of Trauner, Cohen & Thomas is a law partnership representing financial institutions in the area of creditors rights. In this regard, this office represents the above named BANK OF AMERICA who has placed this matter, in reference to an original account with [sic] for collection and such action as necessary to protect our client.
> At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

*Id.* at 361. The Second Circuit concluded this disclaimer sufficiently notified the least sophisticated consumer that no attorney had yet evaluated the case. *Id.* at 365; *see also Michael v. Javitch, Black & Rathbone, LLP*, 825 F. Supp. 2d 913, 921-22 (N.D. Ohio 2011) (holding the disclaimer "[a]lthough we are a law firm, at this time, no attorney has evaluated your case, or made any recommendations regarding the validity of the creditor's claims, or personally reviewed the circumstances of your account" was sufficient under the FDCPA).

The Court sees little distinction between the disclaimer in *Greco* and the disclaimer at issue here. And without the benefit of a response brief from Plaintiff, no such distinction has been highlighted. In fact, a fellow judge of this district considered the very same disclaimer in *Farmer v. Buffaloe & Assocs., PLC*, No. 3:12–CV–142, 2012 WL 6045976, at *4 (E.D. Tenn. Dec. 5, 2012), and concluded it sufficiently informed even the least sophisticated consumer no attorney had reviewed the file. Although a disclaimer may be insufficient in certain circumstances, such as when the disclaimer is placed on the back of the letter, *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 1003 n.11 (3d Cir. 2011) (distinguishing *Greco* on this basis), the disclaimer in this case is sufficient under the FDCPA. Accordingly, the Court will **GRANT** Defendant's motion on this claim.

### B. Additional Remedies

The FDCPA provides a thirty-day window following the initial communication of a debt

collector in which the consumer may notify the debt collector he or she disputes the debt, or a portion thereof. 15 U.S.C. § 1692g(a). If a consumer notifies the debt collector of such a dispute within that time period, or requests the name and address of the original creditor, the debt collector must cease collection of the debt and obtain verification of the debt, or the name and address of the original creditor, and mail a copy to the consumer. *Id.* § 1692g(b). The debt collector is also required to include a statement in the initial communication notifying the consumer of these rights, which is known as a "validation notice." *Id.* § 1692g(a)(4).

The July 18, 2011 collection letter contained an appropriate validation notice:

> **\*\*Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within thirty (30) days of receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment against you (where appropriate), and we will mail you a copy of such verification or judgment. If you make a written request within thirty (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

(Court File No. 1-1) (bolding and asterisks in original). The collection letter also warned Plaintiff "if you fail to contact this office, our client may consider additional remedies to recover the balance due." Plaintiff argues this last admonition conflicts with the validation notice, and would make the least sophisticated consumer confused or uncertain as to his or her rights to dispute a debt. She alleges such confusion constitutes a false, deceptive, or misleading representation in violation of 15 U.S.C. § 1692e(10), which prohibits "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Although Plaintiff does not directly attack the effectiveness of the validation notice under § 1692g(a), she essentially argues the letter violates the FDCPA because the disputed sentence could

9

confuse the least sophisticated consumer regarding his rights conveyed by the validation notice. The standard used to analyze the adequacy of a validation notice is therefore instructive; the notice must be "effectively conveyed" to the least sophisticated consumer. *See Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007). "The critical question is whether [Plaintiff] has been led to believe 'that [he] did not have thirty days in which to dispute the validity of the debt.'" *Id.* (quoting *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999)). The validation notice in this case adequately summarizes Plaintiff's rights to dispute the debt and is clearly worded such that the least sophisticated consumer would understand those rights. Moreover, nothing in the sentence at issue indicates any immediate action would be taken or that the thirty-day period is somehow compromised. The statement warns additional remedies might be sought "*if you fail to contact this office*," which is consistent with Plaintiff's right to contact Defendant. When read in connection with the validation notice, even the least sophisticated consumer would recognize she has thirty days to contact Defendant. Without the benefit of Plaintiff's response to Defendant's motion, the Court has no reason to conclude otherwise.

The same form letter and allegation was confronted in *Farmer*, wherein the court similarly concluded "[e]ven the least sophisticated consumer reading the contested statement in conjunction with the statement of rights in the validation notice would not construe the contested statement as inconsistent with the statement of rights in the validation notice." 2012 WL 6045976, at *5. The court further noted "nothing in the contested statement contradicts the debtor's validation rights under 15 U.S.C. § 1692g or the timeframe during which the debtor may take advantage of those rights." *Id.* For the reasons stated above, the Court agrees with the *Farmer* court.

Plaintiff also argues the disputed sentence is a threat of immediate legal action prior to the

10

expiration of the thirty-day window, which would violate 15 U.S.C. § 1692e(5) as a "threat to take any action that cannot legally be taken." The Court has already concluded the letter clearly notified Plaintiff she was entitled to contact Defendant during the thirty-day period following receipt of the collection letter. The admonition at issue states additional remedies could be sought only if Plaintiff failed to contact Defendant's office. Because the letter clearly conveyed, even to the least sophisticated consumer, that Plaintiff had thirty days to contact Defendant, the disputed sentence could not have been construed as a threat of legal action prior to expiration of the thirty-day window. The *Farmer* court, again facing the same issue, similarly concluded "the least sophisticated consumer would, reading the letter in its entirety, understand that he or she has thirty days to contest the debt and that no legal action would commence until that time period expired." 2012 WL 6045976, at *5.

Accordingly, the Court will **GRANT** Defendant's motion as to these claims.

### C. Sworn Affidavit

Finally, Plaintiff alleges Defendant failed to provide notice to Plaintiff the sworn affidavit accompanying the September 28, 2011 civil summons was a "communication from a debt collector" as required by 15 U.S.C. § 1692e(11). Defendant argues the sworn affidavit, being a part of the formal pleadings, does not constitute such a communication because § 1692e(11) specifically excepts "a formal pleading made in connection with a legal action." Although Plaintiff claims the sworn affidavit is not a formal pleading in her complaint, she did not submit a brief in response to Defendant's motion, and the Court is without the benefit of his theory regarding the sworn affidavit. Accordingly, the Court considers Plaintiff's opposition to the relief sought by Defendant waived, and will dismiss his § 1692e(11) claims. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion

11

may be deemed a waiver of any opposition to the relief sought."); *Robinson v. Sherman Fin. Grp., LLC*, No. 2:12–CV–30, 2013 WL 1249567, at *9 (E.D. Tenn. Mar. 27, 2013) (dismissing similar claims for the plaintiff's failure to respond).

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's partial motion for judgment on the pleadings (Court File No. 29).

**An Order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

12